IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GLENN MICHALSKI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 5778 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| JOHN E. ZARUBA, in his capacity as Sheriff | ) | |
| of DuPage County, Illinois; and | ) | |
| CESAR DELVALLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Michalski sued defendants John Zaruba and Cesar DelValle in a two-count second amended complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights stemming from a physical altercation with other inmates while he was in custody at the DuPage County Jail. Defendants have filed the instant motion for summary judgment. Because plaintiff has failed to exhaust his administrative remedies, the court grants defendants' motion for summary judgment.

## BACKGROUND[1]

On the evening of September 18, 2008, defendant DelValle was on duty guarding the communal dormitory-style pod of the DuPage County Jail in which plaintiff, a pretrial detainee, was housed. Plaintiff was trying to sleep and asked a group of noisy inmates to quiet down. They refused. Plaintiff explained the situation to defendant DelValle and asked for his help. Defendant DelValle asked the other inmates to be quiet, and the inmates acknowledged his

---

[1] Unless otherwise indicated, the following are uncontested facts from the parties' L.R. 56.1 statements.

request without saying anything negative. Later that night, he was pulled from his bunk and beaten. He sustained injuries requiring stitches in his face and head.

On September 22, 2008, plaintiff submitted a grievance addressed to "Marty Manion [the designated grievance officer], Chief [of Corrections] Wulff, [and defendant] Sheriff Zaruba." In this grievance, plaintiff complained that, despite his requests, the jail staff and bookkeeper had not helped him complete an in forma pauperis application and financial affidavit, nor had they provided him with an audit of his commissary account.[2] This grievance, which does not mention plaintiff's altercation or resulting injuries, is not even arguably addressed to the issues raised in the instant lawsuit.

Plaintiff submitted another grievance on September 27, 2008, addressed to the same three individuals, in which he requested "a copy of all my medical records & incident reports plus a jail release for being beat-up." The grievance provides this description of the incident:

> On 9-18-2008 in 1-F-38 pod assigned location I was jumped by ('3') black males because I asked them to be quiet as I had been asleep some words were exchanged and I went back to sleep – next thing I know I was being stomped punched & kicked by these three black guys.

It does not refer to defendant DelValle or any DuPage County Jail guard, nor does it refer to inadequate staffing or training of guards or to any other policy.

Also on September 27, 2008, plaintiff filed an "appeal." This document is identical to the September 27 grievance, except that the word "appeal" has been substituted for "grievance," and "TO: CHIEF WULFF*" has been added.

---

[2] On October 2, 2008, plaintiff submitted a renewed request—not a grievance—for this assistance. In this filing, plaintiff requested "evidence that you have acted upon this request as well as my grievance and subsequent grievance appeals."

On October 6, 2008—six business days after plaintiff submitted the September 27 grievance and appeal—plaintiff brought the instant lawsuit by mailing a pro se complaint to the Clerk of Court for this district.[3] Plaintiff alleges that defendant Zaruba, acting in his official capacity as Sheriff of DuPage County, instituted policies that resulted in inadequate staffing and inadequately trained guards at the DuPage County Jail. Plaintiff further alleges that defendant DelValle exhibited deliberate indifference to plaintiff's safety when he allegedly ignored plaintiff's complaints about the other prisoners and failed to sufficiently monitor the pod in which plaintiff was housed.

## DISCUSSION

The Prison Litigation Reform Act requires prisoners to exhaust any available administrative remedies before challenging prison conditions in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Woodford v. Ngo, 548 U.S. 81, 84 (2006). "To exhaust all administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." Ford v. Johnson, 362 F.3d 395, 397, citing Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), and Strong v. David, 297 F.3d 646 (7th Cir. 2002). At the time plaintiff filed his grievances, the DuPage County Jail's Inmate Rules and Regulations, which established the applicable grievance procedures, provided for a three-step grievance process.

---

[3] The complaint was filed on October 9, 2008, nine business days after the September 27 grievance and appeal.

3

Plaintiff failed to comply with any of these three steps. Nothing in the record indicates that plaintiff followed the first step, which requires that, before invoking the formal grievance procedures, an inmate must attempt to resolve the problem "by contacting in person or in writing, the appropriate jail staff member whose area of responsibility is related to the grievance." Plaintiff did not file a written complaint with a responsible staff member, or speak with a staff member about his grievance. Instead, plaintiff proceeded directly to filing a grievance with the Chief of Corrections, which was improper given that he had not first attempted to resolve his grievance with the appropriate staff member. Because a prisoner may move on to the next step of the grievance procedures only if he complies with the first step, the inquiry could end here.

But plaintiff also failed to follow the second step, which requires a prisoner who is unsatisfied with the resolution at step one to file a written grievance with the Chief of Corrections and wait ten business days for a response.[4] Ten business days from the filing of plaintiff's grievance is October 10, 2008—four days after plaintiff brought the instant lawsuit by mailing his complaint to the Clerk of Court. See Ford, 362 F.3d at 400 ("[A]n action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk."). Because plaintiff did not allow the requisite ten business days for a response to his grievance, he did not exhaust his administrative remedies.

---

[4] Plaintiff incorrectly asserts that his administrative remedies were exhausted when, five business days after he filed his grievance, he had not received a written response from the Chief of Corrections. That five-day deadline is for a response, either oral or written, to a prisoner's initial request issued to the relevant staff member.

Next, plaintiff failed to comply with the third step of the <u>Inmate Rules</u>, which provides for an appeal from an unsatisfactory resolution of the written grievance filed with the Chief of Corrections. Plaintiff filed his appeal on the same day he filed the grievance on which the appeal was based, in clear violation of the <u>Inmate Rules</u>' instruction to wait for an unsatisfactory resolution of a grievance and then appeal within five business days. In addition, even if plaintiff's appeal had been properly filed, he violated § 1997e(a) when he brought the instant lawsuit six business days after filing the appeal, thus failing to wait the 20 business days the <u>Inmate Rules</u> permitted the Chief of Corrections to respond to his appeal.

Moreover, even if plaintiff had followed the appropriate grievance procedures, he still failed to exhaust his administrative remedies because the grievances he filed were not sufficiently related to the issues he now raises. The prison procedures determine how specific a prisoner's grievance must be. <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prisoner's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The <u>Inmate Rules</u> require a grievance to be "specific in its description of the complaint or problem." As plaintiff puts it, his grievance (which is quoted above) "asserted an objection to having been beaten while sleeping in a room full of prisoners." This grievance did include the date of the incident, its location, and a brief description of the incident and plaintiff's resulting injuries—but it did not mention any guard, nor did it include anything suggesting a failure to train, policy, or deliberate indifference claims.

Although plaintiff's grievance might adequately describe the attack, it does not provide a sufficient basis for plaintiff's current allegations that defendant DelValle exhibited deliberate

5

indifference and defendant Zaruba failed to train and instituted unconstitutional policies. See, e.g., Keller v. Rasmussen, 90 F. App'x 949, 950 (7th Cir. 2004) (unpublished order) (finding that inmate who brought excessive-force claim under § 1983 had not exhausted administrative remedies because his grievance addressed only denial of medical care and did not allege any use of excessive force or mention any of the defendants). Because "[g]rievances are intended to give prison administrators an opportunity to address a shortcoming," see Jones, 549 U.S. at 219 (citation omitted), a prisoner's grievance must put administrators on notice of that shortcoming. This standard is not insurmountable—"[a]ll the grievance need do is object intelligibly to some asserted shortcoming"—but the prisoner must at the very least indicate what problems he perceives (such as a guard's failure to protect him). Plaintiff's grievance stating that an altercation occurred is insufficient absent any reference to the staff or policies the petitioner believes caused it. See, e.g., Sylvester v. Chandler, No. 07 C 50050, 2010 WL 3420385, at *5 (N.D. Ill. Aug. 27, 2010) (granting the defendants' summary judgment motion based on finding that the plaintiff had not exhausted his administrative remedies because his grievances described that he was attacked and injured by a fellow inmate but said nothing about jail staff's misconduct).

For a number of independent reasons, plaintiff has thus failed to exhaust his administrative remedies with respect to the instant claims against defendants. When a prisoner has not exhausted his administrative remedies before bringing a lawsuit, the court must dismiss the suit. Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). Because the court finds that plaintiff failed to exhaust his administrative remedies, it will not address the merits of his claims. Id. at 535-36.

## **CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment is granted, and this case is dismissed for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). The court expresses its appreciation to attorney Martin Snyder for his excellent representation of plaintiff pursuant to appointment by the court.

**ENTER:**     **December 1, 2010**

_____
           **Robert W. Gettleman**
           **United States District Judge**